IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:19CV542 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| $17,000.00 in U.S. CURRENCY, | : | |
| Defendant. | : | |

## VERIFIED COMPLAINT OF FORFEITURE

NOW COMES the plaintiff, United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and respectfully states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of the defendant property, which was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, or represents proceeds traceable to such an exchange.

2. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of the aforesaid defendant property which constitutes or is derived from proceeds traceable to an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically the exchange of a controlled substance in violation of state and federal law.

3. The defendant property is $17,000.00 in U.S. Currency, which was seized on January 10, 2019, in Lexington, North Carolina, and is currently in the custody of the United States Marshals Service.

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395, because the defendant property was seized while located in the jurisdiction of this Court, or one or more of the acts giving rise to forfeiture occurred in this district.

6. Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in **Exhibit A**, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 24th day of May, 2019.

Respectfully submitted,

MATTHEW G.T. MARTIN
United States Attorney


 */s/* Nathan L. Strup
Nathan L. Strup, Mo. Bar No. 60287
Assistant U.S. Attorney
Middle District of North Carolina
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
(336) 333-5351/nathan.strup@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

_____
Gregory Rogers
Task Force Officer
Drug Enforcement Administration

**DECLARATION**

I, Gregory Rogers, a Task Force Officer with the Drug Enforcement Administration (DEA) in Greensboro, North Carolina, hereby state, pursuant to 28 U.S.C. § 1746, under penalty of perjury and pursuant to the laws of the United States, that the following is true and correct to the best of my knowledge, information, and belief:

1. I have been a duly deputized Task Force Officer for the DEA since April 2016, and currently assigned to the Greensboro Resident Office. I have been a sworn Police Officer with the Lexington Police Department (LPD) since April 2013. I have been a Detective with Vice/Narcotics Unit since July 2014. My responsibilities as a Task Force Officer include investigating narcotics traffickers in and around the City of Lexington, North Carolina. I have prepared cases for trial in both state and federal court, maintained and collected evidence, handled informants, executed search warrants, and debriefed suspects. I have attended a conference on Organized Crime Drug Enforcement Task Force, and taken State and Local investigators classes for DEA.



2. This declaration is submitted in support of a Verified Complaint of Forfeiture of $17,000.00 in U.S. currency seized on January 10, 2019 from Jamal Sanchez BALDWIN.

3. The facts set forth in this Declaration are based on my own personal knowledge and experience, and information provided by other law enforcement officers.

4. Based on the facts set forth below, there is probable cause to believe the $17,000.00 in U.S. currency is subject to forfeiture pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981.

5. On January 10, 2019, detectives with the LPD's Vice/Narcotics Unit executed a search warrant at a residence on Kindley Street, Lexington, North Carolina. Upon execution of the search warrant, detectives arrested a certain individual who is not named herein, but referred to as CI, Cooperating Individual, for outstanding warrants for possession with the intent to sell and deliver heroin. During the course of the search, detectives located approximately fifty-four (54) grams of heroin and a firearm in a bedroom believed to be occupied by CI. CI admitted ownership of the contraband.

6. CI agreed to cooperate and stated he purchased the heroin from a male known to him as "Mall." Detectives are familiar with BALDWIN and know him to use the alias "Mall." Lieutenant L. Davis showed CI a picture of BALDWIN and asked if that picture was the male known to him as "Mall." CI replied, "yes, that is him."

7. CI was transported to LPD for processing and was read his Miranda Rights, which he waived. CI advised that he had been purchasing heroin from BALDWIN about four (4) months in approximately two (2) ounce quantities. CI advised that the aforementioned fifty-four (54) grams found during the search came from BALDWIN on January 9, 2019. CI advised that he owed BALDWIN $4,400.00 for the heroin.

8. While at LPD, CI placed a recorded telephone call to BALDWIN. CI told BALDWIN the heroin he had was gone and he needed more. BALDWIN agreed and advised he was at a barbershop and would arrive in ten (10) minutes. CI and BALDWIN agreed that BALDWIN would bring two (2) ounces of heroin to CI at his residence on Kindley Street, Lexington, North Carolina. This is the same residence of the search warrant earlier in the day.

9. Later on January 10, 2019, detectives placed themselves in the area of Kindley Street, waiting for BALDWIN to arrive. Detectives saw a 2013 Blue Dodge Charger pull in front of the same residence previously searched on Kindley Street and witnessed BALDWIN exit the vehicle. Detectives then swiftly approached and detained BALDWIN.

10. Officer Furlow deployed Canine Cert and performed a free air sniff around the outside of the 2013 Blue Dodge Charger. Canine Cert yielded a positive alert for the presence of the odor of narcotics on the vehicle. Detectives could also smell the odor of marijuana emitting from the vehicle.

11. Detectives began searching the vehicle and found a plastic bag containing approximately one (1) gram of marijuana in the center console. In the trunk area of the vehicle, detectives located an Air Jordan brand fanny pack. Inside the fanny pack were seventeen (17) separate $1,000 stacks of U.S. currency. When BALDWIN was asked about the money, BALDWIN shrugged his shoulders and said, "I got it from rapping." When detectives asked BALDWIN if he would provide any documentation that stated his earnings, BALDWIN replied, "I'm getting a lawyer and calling a judge outside of

Davidson County." BALDWIN was arrested for marijuana possession and an outstanding child support warrant, read his Miranda Rights, and transported to LPD.

12. At LPD, detectives questioned BALDWIN about the $17,000.00 in U.S. currency. BALDWIN again claimed he made the money from rapping, and stated that he does not have any other sources of income.

13. Later on January 10, 2019, Officer Furlow and I performed a "line up" with the seized $17,000.00 in U.S. currency. I placed the $17,000.00 in U.S. currency inside a paper bag and placed it on the floor amongst two other empty paper bags. Officer Furlow was not aware which paper bag contained the seized $17,000.00 in U.S. currency. Officer Furlow deployed Canine Cert to perform a free air sniff on each of the three bags. Canine Cert alerted to the presence of the odor of narcotics on the bag that contained the $17,000.00 in U.S. currency.

14. Officer Furlow is currently employed as a Canine Handler with the LPD Patrol Division in Lexington, North Carolina. Officer Furlow has been employed with LPD for over four (4) years. In 2014, Officer Furlow graduated from Greensboro College with a Bachelor's Degree in Criminal

5

Justice. Officer Furlow graduated from Basic Law Enforcement Training, with over six-hundred sixty (660) hours of training, in 2014. Officer Furlow has received narcotics investigation training through the DEA. Officer Furlow is a graduate of the 2017 Police Law Institute Course. During Officer Furlow's time employed at LPD, he has investigated over two hundred (200) cases involving violations of the North Carolina Controlled Substance Act. Officer Furlow has encountered and investigated numerous individuals using and selling, illegal narcotics. Officer Furlow has worked in an undercover capacity, conducted surveillance, executed search warrants, arrested suspects, collected and maintained evidence, handled informants, debriefed informants, prepared cases for state and federal courts, and testified before state and federal courts.

15. Canine Cert is a German Shepard police canine. Canine Cert has been with LPD since September of 2017. Canine Cert was originally from the Ventosa Kennel, a police K9 training facility in Scotland Neck, North Carolina, that certified Canine Cert in the detection of the odor of illegal narcotics, namely marijuana, heroin, cocaine, and methamphetamine. In Spring 2018, Canine Cert was certified

6

in the detection of the odor of illegal narcotics, namely marijuana, heroin, cocaine, and methamphetamine through the North Carolina Police Dog Association (NCPDA).

16. In September 2018, Officer Furlow became Canine Cert's handler. On October 8, 2018, Officer Furlow attended a four (4) week Patrol/Narcotics K9 Course through Southern Police K9 Inc. During this time, Officer Furlow and Canine Cert completed comprehensive narcotics detection training. Canine Cert is trained to alert passively by sitting when the odor of narcotics is detected. Canine Cert is not trained to locate or indicate on U.S. Currency. Canine Cert and Officer Furlow have been involved in approximately twenty (20) illegal narcotics seizures in the field. Canine Cert and Officer Furlow also maintain dated and documented training records regarding each training session completed.

17. Officer Furlow has successfully demonstrated the ability to properly deploy and maintain a police narcotics canine and, with the assistance of Canine Cert, effectively locate controlled substances that have been concealed in a variety of locations.

18. BALDWIN's prior criminal drug history includes the following convictions: Possession of Marijuana (2017, 2014,

7

2010, 2008, and 2007); Felony Possession of Cocaine (2012); and Possession of Drug Paraphernalia (2012 and 2010). Charges related to BALDWIN's January 10, 2019 arrest are currently pending.

19. The $17,000.00 in U.S. currency was converted into a State Employees' Credit Union Cashier's Check (#084667) and sent to the United States Marshals Service in Raleigh, North Carolina, where it was deposited into the Seized Asset Deposit Fund.

20. DEA adopted the seizure of $17,000.00 in U.S. Currency and began administrative forfeiture proceedings. On February 27, 2019, BALDWIN filed an administrative claim. In his administrative claim form, BALDWIN stated that:

> I have valid interest in the asset because it was taken from the trunk of my car when I clearly committed no crime. The Lexington police department also took 630$ from my pocket which they released back to me a few weeks after the incident on January 10th[,]

and

> The money was supposed to be used as a prop for a video production event that I had the same day of January 10th[.]

The administrative forfeiture process was terminated, and the seizure was referred to the United States Attorney's Office for judicial forfeiture.

CONCLUSION

22. Based upon the foregoing, there is probable cause to believe that the $17,000.00 in U.S. currency was furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds traceable to the exchange of a controlled substance, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

This is the 24th day of May, 2019.

_____
Task Force Officer, Gregory Rogers
US Drug Enforcement Administration